IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| In the Matter of the Tax Indebtedness of: | ) | Case No. 1:25-cv-196 |
| NEAL A. JOHNSON | ) | |

## PETITION FOR JUDICIAL APPROVAL OF LEVY UPON PRINCIPAL RESIDENCE

The United States of America petitions this Court for an order approving an administrative levy by the Internal Revenue Service (IRS) upon a principal residence. In support of this petition, the United States submits:

1. Jurisdiction is conferred upon the Court under 28 U.S.C. §§ 1331 and 1340, as well as 26 U.S.C. §§ 6334(e)(1)(B) and 7402(a).

2. Section 6334 of the Internal Revenue Code (26 U.S.C.) exempts property used as a principal residence of a taxpayer (within the meaning of 26 U.S.C. § 121) from levy by the IRS, *unless* such levy is to satisfy a liability that exceeds $5,000, and the levy is approved, in writing, by a United States District Judge or United States Magistrate Judge. *See* 26 U.S.C. §§ 6334(a)(13)(B) and 6334(e)(1); *see also* Treas. Reg. (26 C.F.R.) § 301.6334-1(d).

3. To obtain approval to levy a principal residence, the United States must petition the appropriate United States District Court and demonstrate that (1) the taxpayer owes tax liabilities that have not been satisfied; (2) the requirements of any applicable law or administrative procedure relevant to the levy have been met; and (3) no reasonable alternative for collection of the taxpayer's debt exists. Treas. Reg. § 301.6334-1(d)(1). The petition must also ask the Court to issue to the taxpayer an order to show cause why the principal residence property should not be levied and ask the court to issue a notice of hearing. *Id.* Further:

> The taxpayer will be granted a hearing to rebut the Government's prima facie case if the taxpayer files an objection within the time period required by the court raising a genuine issue of material fact demonstrating that the underlying tax liability has been satisfied, that the taxpayer has other assets from which the liability can be satisfied, or that the Service did not follow the applicable laws or procedures pertaining to the levy. *The taxpayer is not permitted to challenge the merits underlying the tax liability in the proceeding*. Unless the taxpayer files a timely and appropriate objection, the court would be expected to enter an order approving the levy of the principal residence property.

*Id.* § 301.6334-1(d)(2) (emphasis added); *see also United States v. Haynes*, No. 1:17-MC-00222-JCN, 2017 WL 6327831, at *2-3 (D. Me. Dec. 11, 2017) (concluding that granting a petition to levy a residence under 26 U.S.C. § 6334(e)(1) did not violate Due Process when the petition met the requirements of Treas. Reg. § 301.6334-1(d) and the taxpayer failed to enter a timely written objection).

4. The United States seeks approval for the IRS to levy upon Neal A. Johnson's interest in real property that is within the jurisdiction of this court and located at 62 Tanglewood Dr., Nashua NH 03062 (the "Nashua Property"), which has a legal description as follows:

> Lot 533 with a street address of 62 Tanglewood Drive in the subdivision known as "Tanglewood Estates" located in Nashua, New Hampshire and being shown on a plan of land entitled, "Final Subdivision Plan Tanglewood Estates Gilson Road, Nashua, New Hampshire", prepared for Terra Verde by HSI Hayner/Swanson. Inc., dated August 14. 1999, revised through April 20, 2000 and recorded with the Hillsborough County Registry of Deeds as Plan No. 30673 (the "Plan"). Reference is made to said Plan for a more detailed description.

Meaning to describe the premises conveyed by warranty deed from Second Generation Properties Limited Partnership to Neal A. Johnson and recorded in the Hillsborough County Registry of Deeds at Book 6516, Page 2763.

5. The Nashua Property is the principal residence of Mr. Johnson, as defined by 26 U.S.C. § 6334(a)(13)(B).

6. On information and belief, the Nashua Property is also the principal residence of Donna Johnson—Mr. Johnson's wife. As required by Treas. Reg § 301.6334-1(d)(3), the United States will promptly mail a separate notice of this action and a copy of this petition to Ms. Johnson.

7. As is set forth in the accompanying *Declaration of Revenue Officer Tony Caso* (the "RO Declaration"), attached as **Exhibit A**, unpaid income tax liabilities for the tax years 2016, 2017, 2018, 2019, and 2020 were assessed against Mr. Johnson. Notice of these assessments and demands for payment of the assessed taxes were given to Mr. Johnson on or about the dates set forth in the RO Declaration. Despite notice and demand, Mr. Johnson has failed, neglected, or refused to pay the tax liabilities in full. Mr. Johnson remains indebted to the United States, as of May 19, 2025, in the total amount of $5,542,752.76 for the unpaid income tax liabilities for tax years 2016, 2017, 2018, 2019, and 2020.

8. Moreover, as stated in the RO Declaration, the IRS has followed the requirements of the applicable law and administrative procedures relevant to a levy upon the Nashua Property.

9. Finally, as described in the RO Declaration, the IRS has attempted to satisfy these liabilities and penalties from assets other than the Nashua Property, and no reasonable alternative exists to satisfy the unpaid income tax liabilities described above.

WHEREFORE, the United States requests that:

A. The Court enter the accompanying proposed *Notice and Order to Show Cause*, attached as **Exhibit B**, under the Seal of the Court as provided by 28 U.S.C. § 1691;

B. If no written objection to the petition is filed with the Clerk of the Court within 30 days from the date of the *Notice and Order to Show Cause* (or if an objection that does not conform to the requirements of the *Notice and Order to Show Cause* is filed with the Clerk), the

Court should enter an order, in the form of the proposed *Order Approving Levy Upon Principal Residence* attached as **Exhibit C**, approving the administrative levy on the Nashua Property, to be executed by any authorized officer of the Internal Revenue Service; and

C. If a written objection to the petition that conforms to the requirements of the *Notice and Order to Show Cause* is timely filed with the Clerk of the Court, the Court should set a hearing for this matter, at which *only* the objections raised in writing addressing the three elements set forth in paragraph 3 above and required by Treas. Reg. § 301.6334-1(d) shall be considered, and after which the Court should enter an order resolving all such issues raised in the written objection.

Respectfully submitted,

/s/ *Arlo B. Blaisus*

ARLO B. BLAISUS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
202-616-3339 (V)
202-514-5238 (F)
Arlo.Blaisus@usdoj.gov