UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| In the Matter of the Tax Indebtedness of: | ) | Case No. 1:25-cv-196 |
| | ) | |
| NEAL A. JOHNSON | ) | |

**UNITED STATES' MOTION TO REOPEN THE CASE**

Petitioner the United States of America moves to reopen the case as it now is appropriate for the Court to approve an administrative levy by the Internal Revenue Service upon the principal residence of respondent Neal A. Johnson. This case was administratively stayed during Johnson's Chapter 13 Bankruptcy, which has now been dismissed. Because the automatic stay has been lifted, and Johnson has not made the showing required by 26 U.S.C. § 6334 and Treas. Reg. § 301.6334-1(d), the United States requests that the Court approve the United States' pending petition by entering the attached proposed order authorizing the IRS to administratively levy Johnson's principal residence.

The United States initiated this case by filing a Petition requesting the Court to approve a levy by the IRS on Johnson's principal residence located in Nashua, New Hampshire, pursuant to 26 U.S.C. § 6334, to recoup a portion of Johnson's extensive unpaid federal tax debts. This Court issued a Notice and Order to Show Cause on July 30, 2025, directing Johnson to file, within 30 days, a written objection demonstrating that his tax debts were satisfied, that he had other assets from which his tax debts could be satisfied, or that the IRS had failed to follow the proper administrative procedures in seeking the levy. ECF No. 2 at 1-2. The Order to Show Cause further stated that if Johnson "fail[ed] to file a timely written objection that makes the showing required by this order . . . the Court will, upon the prima facie showing made in the United States' petition, enter an order to approve the requested levy." *Id.* at 2.

On August 29, 2025, the last day of the 30-day period set by the Order to Show Cause, Johnson filed a Suggestion of Bankruptcy. ECF No. 4. This filing notified the Court that Johnson had filed for Chapter 13 bankruptcy and stated that "this Suggestion of Bankruptcy and Response is being filed as a courtesy to the IRS and the Court and is not intended as an Objection" to the Petition. ECF No. 4; *see also In re Johnson*, 1:25-bk-10619 (Bankr. D.N.H) (the "Bankruptcy"). Johnson did not file any other objection or response to the Petition. The Court administratively closed this case on September 3, 2025, during the pendency of the Bankruptcy pursuant to the automatic stay provisions of 11 U.S.C. § 362. The Court noted, though, that "[n]othing contained in this order shall be considered a dismissal of this matter, and should further proceedings become necessary, any party may move to reopen." ECF No. 5.

On October 1, 2025, Johnson filed a Motion to Dismiss his own Bankruptcy, noting that, "it became clear that the Debtor was ineligible to be a Chapter 13 Debtor" due to his debts exceeding the debt limits under 11 U.S.C. § 109(e), and that "Debtor's counsel does not believe the Debtor can sustain a Chapter 11 case." *In re Johnson,* ECF No. 12 at 2, Exhibit A. The court granted the Motion to Dismiss on October 3. *Id.*, ECF No. 17, Exhibit B. The Chapter 13 Trustee issued their Final Report and Account on November 5, 2025. *Id.*, ECF No. 23, Exhibit C.

Because the automatic stay has been lifted due to the Bankruptcy being dismissed, the United States requests that the Court reopen the case. Further, Johnson did not file any objection to the Petition during the original 30-day period set by the Order to Show Cause and has not filed any objection since the Bankruptcy was dismissed on October 3, 2025. Therefore, Johnson has failed to timely file a written objection making one of the three showings required by Treas. Reg. § 301.6334-1(d) and this Court's Order to Show Cause. Consequently, the United States

requests that the Court approve the attached Proposed Order (Exhibit D) authorizing the IRS to administratively levy Johnson's primary residence.

WHEREFORE, the United States requests that:

A. The Court find that the automatic stay has been lifted due to the Bankruptcy being dismissed and reopen the case;

B. The Court enter an order, in the form of the proposed *Order Approving Levy Upon Principal Residence* attached as Exhibit D, approving the administrative levy on the Nashua Property, to be executed by any authorized officer of the Internal Revenue Service.

**For the United States of America, Petitioner**

/s/ *Arlo B. Blaisus*
ARLO B. BLAISUS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
202-616-3339
Arlo.Blaisus@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this November 14, 2025, I served the foregoing via ECF, which notified all active parties in this litigation.

*/s/ Arlo B. Blaisus*
ARLO B. BLAISUS
U.S. Department of Justice, Tax Division